UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------

In re

    KIM M. SCHICK                                                   09-15602 B

                    Debtors                               <u>DECISION & ORDER</u>

------------------------------------------------------

                                        Penney, Maier & Wallach
                                        Mark S. Wallach, Esq., of counsel
                                        169 Delaware Avenue
                                        Buffalo, New York 14202
                                        Attorney for the Trustee

                                        Barry H. Sternberg, Esq.
                                        4245 Union Road, Suite 101
                                        Cheektowaga, New York 14225
                                        Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

      The Chapter 7 trustee has brought the present motion to compel the turnover of an alleged interest of the debtor in certain tax refunds as of the date of bankruptcy filing. For the reasons set forth herein, the trustee's motion is denied.

      Kim Schick filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 30, 2009. At the confirmation hearing, the Chapter 13 trustee reported that the debtor's primary non-exempt asset was an anticipated tax refund. Although the debtor had not yet filed her income tax returns, the trustee estimated the refund and the amount that would be attributable to the pre-petition period of 2009. This sum was then included in the calculation of the amount needed to satisfy the requirements of 11 U.S.C. § 1325(a)(4), which requires that a confirmed plan distribute not less than "the amount that would be paid on [each allowed unsecured claim] if the estate of the debtor were liquidated" under Chapter 7 of the Bankruptcy Code. To satisfy this so-called "Chapter 7 test," the debtor proposed a plan contemplating monthly payments of $296 per month. Also, to assure the accuracy of the estimation of tax refunds, the plan required the debtor to submit her actual

tax return to the trustee for review and to consider any plan modifications that an unexpectedly large refund might compel.

The order confirming the debtor's plan was docketed on February 8, 2010. Shortly after confirmation, however, Mrs. Schick became delinquent in her plan payments. Consequently, on September 27, the Chapter 13 trustee moved to dismiss the case. Then on December 9, in response to the debtor's own motion, this court converted the present case into a proceeding under Chapter 7. In due course, the Office of the United States Trustee appointed Mark Wallach to serve as case trustee and to administer this estate.

Based on the debtor's income tax returns for 2009, the Chapter 7 trustee has determined that as of the date of bankruptcy filing, Mrs. Schick held an interest in non-exempt tax refunds in the amount of $4,105.45. During the course of the Chapter 13 proceeding, the debtor made plan payments totaling $1,460. Accordingly, the trustee has demanded that Schick turnover the net sum of $2,645.45, that being the difference between the amount of non-exempt refunds and the funds already remitted for the benefit of creditors. When the debtor refused payment, the trustee filed the present motion. Mrs. Schick responds that she spent the entire tax refund prior to the conversion of her case to Chapter 7, so that it is no longer available for distribution to creditors.

Section 348 of the Bankruptcy Code deals with the effect of conversion. Specifically, subdivision (f)(1)(A) of this section states in relevant part that when a case under Chapter 13 is converted to another chapter, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." In the present instance, the debtor had spent the 2009 tax refund prior to the conversion of her case. Thus, she no longer had possession of that refund or of any account to which that refund might be traceable. Because property of the estate does not include property that is no longer in the debtor's possession on the date of conversion, the Chapter 7 trustee has

no right to compel a turnover of the unremitted value of the 2009 tax refund. *See In re Lang*, 437 B.R. 70 (Bankr. W.D.N.Y. 2010).

The trustee contends that unless the full value of the tax refund is administered, unprincipled debtors will regularly adopt self-serving strategies for the conversion of Chapter 13 cases. For example, a debtor might propose a plan not with an expectation for its completion, but merely to create opportunities for the manipulative dissipation of assets prior to proceedings in Chapter 7. In instances of bad faith, however, trustees possess appropriate and adequate remedies. For example, they can object to the debtor's discharge if warranted under 11 U.S.C. § 727(a). Pursuant to 11 U.S.C. § 348(f)(2), a bad faith conversion will entitle the trustee to administer additional pre-conversion assets as property of the bankruptcy estate. But in the present instance, the facts give no suggestion of abuse. Kim Schick earns only a modest income. With her bankruptcy petition, she submitted a modest budget with no sign of extravagance. From all indications, the debtor merely used the tax refund to pay ordinary living expenses, without malice or wrongful intent.

When Kim Schick converted her case into a proceeding under Chapter 7, the balance of the 2009 tax refund was simply no longer in her possession or control. Under 11 U.S.C. § 348(f)(1)(A), the bankruptcy estate in Chapter 7 will exclude any interest in that tax refund. Accordingly, we must deny the trustee's motion to compel the debtor to turn over the equivalent of whatever value that refund may previously have had.

So ordered.

Dated:    Buffalo, New York    /s/     CARL L. BUCKI
        July 26, 2011            Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.